UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHAD KISTER,**

    **Plaintiff,**

  v.                              Civil Action 2:21-cv-5428
                                     Judge Sarah D. Morrison
                                     Magistrate Judge Chelsey M. Vascura

**ATHENS COUNTY SHERIFFS,** *et al.***,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Chad Kister, an Ohio inmate proceeding without the assistance of counsel, has applied to file a civil action *in forma pauperis* (ECF Nos. 3–5, 9). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

On November 22, 2021, the Court ordered Plaintiff to either pay the $402.00 filing fee or to submit a properly-support application for leave to proceed *in forma pauperis*, including "an affidavit that includes a statement of all assets such prisoner possesses" as required under § 1915(a)(1), and "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined" as required under § 1915(a)(2), within in thirty (30) days.  (ECF No. 2.)  On December 14, 16, and 17, 2021, Plaintiff filed motions for leave to proceed *in forma pauperis*, including affidavits listing his assets, but did not include the required certified trust fund account statement.  (ECF Nos. 3–5.)  Accordingly, on December 21, 2021, the Court directed the Clerk to mail a blank copy of the Court's Application and Affidavit by Incarcerated

Person to Proceed Without Prepayment of Fees, along with a copy of this Order, and ordered Plaintiff to complete and file the Application and Affidavit by Incarcerated Person to Proceed Without Prepayment of Fees, including a certified account statement or his institution's equivalent within fourteen days (*i.e.*, by January 4, 2022). Plaintiff filed a fourth motion for leave to proceed *in forma pauperis* on December 22, 2022, again attaching an affidavit listing his assets, but not including the required trust fund statement.

To date, Plaintiff has not submitted the required trust fund statement from his prison's cashier. However, even if he were to submit the required statement, the undersigned recommends that his application to proceed *in forma pauperis* be denied because the affidavits listing Plaintiff's assets establish that he has sufficient assets to pay the filing fee.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees. The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, (1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The *Adkins* Court advised that "one must [not] be absolutely destitute to enjoy the benefit of the statute" and that the statute does not require an individual to "contribute . . . the last dollar they have or can get." *Id*. at 339. The Court explained that "[t]he public would not be profited if relieved of paying costs of a particular litigation only to have imposed on it the expense of supporting the person thereby made an object of public support." *Id*. Rather, what is required is a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the fee and continue to provide for the necessities of life. *Id*. Courts evaluating applications to proceed *in forma pauperis* generally consider an applicant's employment, annual income and expenses, and any other property or assets the individual possesses. *Giles v. Comm'r of Soc.*

Sec., No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014) (citing *Cognetto v. Comm'r of Soc. Sec.*, 2014WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)).

Here, the information set forth in Plaintiff's *in forma pauperis* affidavits does not demonstrate his inability to pay. The affidavits indicate that Plaintiff is self-employed, but that he earns no income because his business expenses exceed revenue. While there are some discrepancies between the three affidavits, all three demonstrate that Plaintiff has significant valuable assets, including real property and vehicles worth over $30,000. In light of these assets, the debts he lists are not so significant as to render him indigent. *See Cognetto*, 2014 WL 358465, at *1 (noting that for purposes of evaluating an application to proceed in forma pauperis under § 1915(a), assets to be considered "include equity in real estate and automobiles"). Indeed, in a different action Plaintiff filed in this Court, this Court concluded that Plaintiff did not qualify for *in forma pauperis* status and denied his motion for leave to proceed *in forma pauperis*. *Kister v. Southeast Ohio Regional Jail*, Case No. 2:21-cv-2278-EAS-KAJ (Dec. 16, 2021 Op. & Order, ECF No. 6 at PAGEID # 33).

In sum, in view of Plaintiff's assets totaling over $30,000, the undersigned finds that Plaintiff has not demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and still provide for himself. It is therefore **RECOMMENDED** that Plaintiff's Motions for Leave to Proceed *in forma pauperis* (ECF Nos. 3–5, 9) be **DENIED** and that he be ordered to pay the required $402.00 filing fee within **FOURTEEN (14) DAYS** if he intends to proceed.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific

3

proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

  The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                /s/ *Chelsey M. Vascura*
                CHELSEY M. VASCURA
                UNITED STATES MAGISTRATE JUDGE