# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

CHAD KISTER,

          Plaintiff,    :

  v.                                   Case No. 2:21-cv-5428
                                        Judge Sarah D. Morrison
                                        Magistrate Judge Chelsey M.
ATHENS COUNTY SHERIFFS,         Vascura
*et al.*,                            :

          Defendants.

## **ORDER**

This matter is before the Court on the January 19, 2022 Report and Recommendation (R&R, ECF No. 15), in which the Magistrate Judge recommended that the Court deny Plaintiff Chad Kister's Motions for Leave to Proceed *in Forma Pauperis* (ECF Nos. 3, 4, 5, 9). Mr. Kister timely filed an objection to the Report and Recommendation. (Obj., ECF No. 18.)

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Mr. Kister has submitted four deficient Motions for Leave to Proceed *in Forma Pauperis*. (*See* R&R, 1–2.) The Magistrate Judge overlooked the deficiency,

and still found that Mr. Kister has not satisfied the standard for avoiding the filing fee. (*Id.*, 3.) The Magistrate Judge reasoned:

> [T]he information set forth in Plaintiff's *in forma pauperis* affidavits does not demonstrate his inability to pay. The affidavits indicate that Plaintiff is self-employed, but that he earns no income because his business expenses exceed revenue. While there are some discrepancies between the three affidavits, all three demonstrate that Plaintiff has significant valuable assets, including real property and vehicles worth over $30,000. In light of these assets, the debts he lists are not so significant as to render him indigent. *See* [*Cognetto v. Comm'r of Soc. Sec.*, 2014 WL 358465, at *1 (E.D. Mich. Jan. 31, 2014)] (noting that for purposes of evaluating an application to proceed *in forma pauperis* under § 1915(a), assets to be considered "include equity in real estate and automobiles").

(*Id.*)

Mr. Kister objects to the Magistrate Judge's Report and Recommendation, arguing that his real property should in fact be valued at $0, because the property has mold, asbestos, outdated electric work, and limited improvement prospects due to its historic status. (Obj.)

Yet, Mr. Kister filed *four* affidavits, signed under penalty of perjury, which list the value of his property as $30,000. (*See* ECF Nos. 3, 4, 5, 9.) He "has not provided the Court with any documentation (*e.g.*, a bank statement) that contradicts his sworn IFP Application." *Kister v. Southeast Ohio Regional Jail*, Case No. 2:21-cv-2278 (S.D. Ohio, Order filed Dec. 16, 2021) (Sargus, J.). Accordingly, the Court concludes that Mr. Kister has failed to demonstrate that his poverty prevents him from paying the filing fee.

The Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Report and Recommendation (ECF No. 15). Mr. Kister's Objection (ECF No. 18) is

2

**OVERRULED** and his Motions for Leave to Proceed in Forma Pauperis (ECF Nos. 3, 4, 5, 9) are **DENIED**. Mr. Kister is **ORDERED** to pay the Court's filing fee **within fourteen days** of the date of this Order if he wishes to proceed in this action.

      **IT IS SO ORDERED.**

      /s/ Sarah D. Morrison
      **SARAH D. MORRISON**
      **UNITED STATES DISTRICT JUDGE**